In the Matter of the Application of Rose K. Glasser to Set Aside the Election of Howard V. Orth, as Treasurer of the Golden Rod Spiritualist Church.

Supreme Court, Erie County, January 19, 1934.

*George W. Holt*, for the petitioner.

*Milton C. Strebel*, for the respondents.

Charles B. Wheeler, Official Referee. The right of the respondent Orth to act as treasurer of the Golden Rod Spiritualist

Church turns on the question as to whether the faction of the church electing him to that office is entitled to be recognized as the controlling body of the church, or whether the faction or body headed by the petitioner, Rose K. Glasser, is to be recognized as the controlling body of the church.

In September, 1930, a Spiritualist church existed under the name of the Golden Rule Spiritualist Church, which, desiring to change its name to the Golden Rod Spiritualist Church, petitioned the general assembly of Spiritualists for a charter under the name of the Golden Rod Spiritualist Church. This appears to have been granted and the church was reincorporated under the changed name.

Unhappy differences thereafter arose and a split took place in the church organization, creating two factions, one faction being that presided over by the petitioner, Mrs. Glasser, and the other faction consisting of Mr. Orth and Mr. Knebler and a group clinging to him.

The Glasser party continued to conduct regular church services in the place where such services had been previously held.

At a meeting of a convention of the general assembly of Spiritualist churches held in the city of Buffalo, Attorney Himelfarb, representing the Orth-Knebler faction, requested a hearing, which was granted, touching these differences between the two factions and parties and the facts and circumstances relating to the existing dissentions appear to have been gone into.

As a result of such hearing, the president of the general assembly rendered a decision or " Statement of Recognition," in which he certified the recognition of Rose K. Glasser and her existing officers, board of directors and trustees " as the duly authorized officers and agents of the Golden Rod Spiritualist Church of Buffalo " and " vested with the title of all property of whatsoever nature and wherever situate as such officers, directors and trustees."

The Orth-Knebler party, however, disregarding the decision of the assembly or its president, proceeded to elect Mr. Orth treasurer of the church, and he claims the right to act in that capacity.

The petitioner challenges that right and has brought this proceeding to determine the question. Section 271 of the Religious Corporations Law provides that any church incorporating or reincorporating shall be subject to the rules and regulations of the general assembly of Spiritualists.

The respondents contend they are not legally bound by the decision recognizing the petitioner's party and officers as the officers of the Golden Rod Spiritualist Church.

The constitution and by-laws of the general assembly are not very specific as to the procedure in such cases, but do provide

for the filing of grievances and a hearing according to the rules of equity practice in the courts for a hearing and argument before the board or of a committee appointed to find the facts.

While the hearing had was more or less informal, the testimony is that the method was that followed over a long period by the general assembly.

No objection appears to have been raised as to the authority of the assembly or of its committee to hear the matters in dispute. The hearing was in fact initiated by the Orth-Knebler party or faction, and it hardly lies with them to now question the regularity of the proceeding resulting in the formal recognition of Mrs. Glasser and her associate officers as the proper officials representing the Golden Rod Spiritualist Church.

As was said in *Baxter* v. *McConnell* (155 N. Y. 83, 101) that " when it appears that the whole controversy had once been submitted by the parties to the ecclesiastical tribunal which the church itself has organized for that purpose, the civil courts are justified in refusing to proceed any further. The decision of the church judicatory may and should be treated as a bar to the action and a good defense in law." (See, also, *Matter of Haebler* v. *N. Y. Produce Exchange*, 149 N. Y. 414; *Matter of People ex rel. Johnson* v. *N. Y. Produce Exchange*, Id. 401.)

It certainly would seem that the general assembly of the church had the right and authority to decide which of two contending parties it would recognize.

This view of the case seems to the referee decisive of this proceeding.

Mr. Orth's right to act as treasurer depends wholly on his election by the faction or party which has been refused recognition by the general assembly of the Spiritualist church, and we hold this does not constitute him the regular and legal treasurer of the church.

The prayer of the petitioner is, therefore, granted.

So ordered.